**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | Case No. 15 Civ. 3398 |
| v. | HONORABLE ANDREA R. WOOD |
| NAV SARAO FUTURES LIMITED PLC AND NAVINDER SINGH SARAO, | |
| Defendants, | |

## ANSWER OF DEFENDANT NAVINDER SINGH SARAO

Through undersigned counsel, Defendant Navinder Singh Sarao hereby answers the Complaint of Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff" or "CFTC") as follows:[1]

1.    Paragraph 1 and Footnote 1 of the Complaint contain or imply legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

2.    Paragraph 2 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks

---

[1] The Complaint contains many instances in which multiple and distinct statements of purported fact are included in a single paragraph, as well as many instances in which legal conclusions are grouped together with such statements in a single paragraph.  This is contrary to Rule 10(b), which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Nevertheless, Mr. Sarao has endeavored to respond to each purported allegation in each paragraph of the Complaint.  To the extent that the Complaint contains statements that Mr. Sarao has not specifically addressed in this Answer, he denies them.

knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts attempts to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

3.      Paragraph 3 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

4.      Paragraph 4 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief as to the statements concerning the purported behavior of the market; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

5.      Paragraph 5 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

6.      Paragraph 6 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

7.      Paragraph 7 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

8.      Paragraph 8 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

9.      Paragraph 9 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

10.      Paragraph 10 and Footnote 2 of the Complaint contain or imply legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

11.      Paragraph 11 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

12.      Paragraph 12 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

13.      Paragraph 13 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and, accordingly, denies that any relief is warranted.

14.      Solely for purposes of this civil enforcement action, Mr. Sarao has agreed not to challenge personal jurisdiction and has agreed that subject matter jurisdiction is satisfied.  On that basis, Mr. Sarao admits that this Court has such jurisdiction for purposes of this civil enforcement action.  The remainder of Paragraph 14 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and further denies all statements in this paragraph to the extent that they suggest that Mr. Sarao has violated any statute, rule or regulation.

15.      Solely for purposes of this civil enforcement action, Mr. Sarao has agreed not to challenge the propriety of venue in this district.  On that basis, he agrees that this Court is a

proper venue for this civil enforcement action. The remainder of Paragraph 15 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts. Mr. Sarao further denies all statements in this paragraph to the extent that they suggest that he has committed any violation of any statute, rule, or regulation.

16. Mr. Sarao admits that the statements in the first sentence of Paragraph 16 describe the duties that Congress delegated to Plaintiff. With respect to the second sentence, Mr. Sarao denies the statements to the extent that they suggest that Mr. Sarao has engaged in any price-manipulation or disrupted the integrity of any market.

17. Mr. Sarao admits the statements in Paragraph 17 of the Complaint.

18. Mr. Sarao admits the statements in Paragraph 18 of the Complaint.

19. Mr. Sarao admits that the definition of "futures contract" in Paragraph 19 of the Complaint is partially correct, but denies that it is complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

20. Mr. Sarao admits that the definitions in Paragraph 20 of the Complaint are partially correct, but denies that they are complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

21. Mr. Sarao admits that the definition of "volume" in Paragraph 21 of the Complaint is partially correct, but denies that it is complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

22. Mr. Sarao admits that the definitions in Paragraph 22 of the Complaint are partially correct, but denies that they are complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

23. Mr. Sarao admits that the definitions in Paragraph 23 of the Complaint are partially correct, but denies that they are complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

24. Mr. Sarao admits that the definition of "bid" in Paragraph 24 of the Complaint is partially correct, but denies that it is complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

25. Mr. Sarao admits that the definition of "ask" in Paragraph 25 of the Complaint is partially correct, but denies that it is complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

26. Mr. Sarao admits that the Securities and Exchange Commission filed a report on May 18, 2010 that is titled "Preliminary Findings Regarding the Market Events of May 6, 2010." He respectfully refers the Court to the full text of that document for the contents and meaning thereof. Otherwise, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief as to Plaintiff's characterization of the purported facts concerning the events of May 6, 2010; and (ii) denies Paragraph 26, to the extent that it implies that Mr. Sarao contributed to or otherwise had any responsibility for those events. He therefore leaves Plaintiff to its proof.

27. Mr. Sarao does not believe that the description of the March quarterly cycle in Paragraph 27 is accurate in all respects. He therefore denies it and leaves Plaintiff to its proof.

28. Mr. Sarao admits that the statements in Paragraph 28 of the Complaint are partially correct, but denies that they are complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

29.    Mr. Sarao admits the statements in Paragraph 29 of the Complaint are partially correct, but denies that they are complete and accurate in all respects.  He therefore leaves Plaintiff to its proof.

30.    Mr. Sarao admits that the statements in Paragraph 30 of the Complaint are partially correct, but denies that they are complete and accurate in all respects.  He therefore leaves Plaintiff to its proof.

31.    Mr. Sarao admits that the E-mini S&P is traded electronically via the CME's Globex electronic trading system, but lacks knowledge or information sufficient to form a belief as to exactly how quickly traders can enter, modify or cancel bids and offers.  He therefore leaves Plaintiff to its proof.

32.    Mr. Sarao admits that the descriptions of "best bid price" and "best ask price" in Paragraph 32 are partially correct, but denies that they are complete and accurate in all respects.  To the extent that the third sentence of Paragraph 32 suggests that it is not possible for a market participant to identify individual orders in the order book, Mr. Sarao denies that sentence.  As to the remainder of the statements in Paragraph 32, Mr. Sarao lacks knowledge or information sufficient to form a belief and therefore leaves Plaintiff to its proof.

33.    Paragraph 33 contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief as to Plaintiff's characterization of the purported facts as they relate to others; and (ii) denies Plaintiff's characterization of the purported facts.  He therefore leaves Plaintiff to its proof.

34.    Mr. Sarao admits that the definition of a "long position" and the description of "profit" in Paragraph 34 of the Complaint are partially correct, but denies that they are complete and accurate in all respects.  He therefore leaves Plaintiff to its proof.

35.    Mr. Sarao admits that the definition of a "short position" and the description of "profit" in Paragraph 35 of the Complaint are partially correct, but denies that they are complete and accurate in all respects. He therefore leaves Plaintiff to its proof.

36.    Paragraph 36 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao (i) lacks knowledge or information sufficient to form a belief as to Plaintiff's characterization of the purported facts as they relate to others; (ii) lacks knowledge or information to form a belief as to Plaintiff's characterization of the purported facts, to the extent that they purport to interpret or summarize trade data and / or the Order Book; (iii) admits to having trading E-Mini S&P contracts during the Relevant Period; and (iv) denies the remainder of Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

37.    Paragraph 37 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief as to Plaintiff's characterization of the purported facts as they relate to others; (ii) lacks knowledge or information to form a belief as to Plaintiff's characterization of the purported facts, to the extent that they purport to interpret or summarize trade data and / or the Order Book; (iii) admits to having trading E-Mini S&P contracts during the Relevant Period; and (iv) denies the remainder of Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

38.    Paragraph 38 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao (i) lacks knowledge or information sufficient to form a belief as to Plaintiff's characterization of the purported facts, to the extent that they purport to interpret or summarize trade data and / or the Order Book; (ii) admits to having trading E-Mini S&P contracts during the Relevant Period; and (iii)

denies the remainder of Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

39.    Paragraph 39 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

40.    Paragraph 40 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief as to his purported use of certain entities as future commodities merchants at specific times, or for specific trades, during the Relevant Period; (ii) lacks knowledge or information to form a belief as to Plaintiff's characterization of the purported facts, to the extent that they purport to interpret or summarize trade data and / or the Order Book; (iii) admits to having trading E-Mini S&P contracts during the Relevant Period; (iv) admits to having made trading decisions for his own account and for the account of Sarao Futures during the Relevant Period; and (v) denies the remainder of Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

41.    Paragraph 41 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts in all other respects. He therefore leaves Plaintiff to its proof.

42.    Paragraph 42 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

43. With respect to Paragraph 43 of the Complaint, Mr. Sarao respectfully refers the Court to the full contents of the referenced communication. Mr. Sarao otherwise denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

44. With respect to Paragraph 44 of the Complaint, Mr. Sarao respectfully refers the Court to the full contents of the referenced communication. Mr. Sarao otherwise denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

45. With respect to Paragraph 45 of the Complaint, Mr. Sarao respectfully refers the Court to the full contents of the referenced communication. Mr. Sarao otherwise denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

46. With respect to Paragraph 46 of the Complaint, Mr. Sarao respectfully refers the Court to the full contents of the referenced communication. Mr. Sarao otherwise denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

47. Paragraph 47 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

48. Paragraph 48 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief as to the statements concerning "average E-mini S&P orders" or "other traders"; (ii) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (iii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

49. Paragraph 49 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's

characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

50.     Paragraph 50 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

51.     Paragraph 51 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

52.     Paragraph 52 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

53.     Paragraph 53 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book, or the behavior of the market; and (ii) denies Plaintiff's characterization of the purported facts.  He therefore leaves Plaintiff to its proof.

54.     Paragraph 54 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book, or the behavior of the market; and (ii) denies Plaintiff's characterization of the purported facts.  He therefore leaves Plaintiff to its proof.

55.     Paragraph 55 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts.  He therefore leaves Plaintiff to its proof.

56.     Paragraph 56 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts.  He therefore leaves Plaintiff to its proof.

57.     Paragraph 57 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

58.     Paragraph 58 contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) admits that he traded E-Mini S&P contracts during the Relevant Period; (ii) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts

purports to summarize or interpret market behavior, trade data and / or the Order Book; and (iii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

59.     Paragraph 59 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

60.     Paragraph 60 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

61.     Paragraph 61 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

62.     Paragraph 62 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or

the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

63.    Paragraph 63 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

64.    Paragraph 64 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

65.    Paragraph 65 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

66.    Mr. Sarao admits that, on May 5, 2010, he traded E-mini S&P contracts.  The remainder of Paragraph 66 of the Complaint contains or implies legal conclusions, to which no response is required.  To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or

13

the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

67.     Paragraph 67 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

68.     Paragraph 68 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

69.     Paragraph 69 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

70.     Paragraph 70 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or

the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

71.     Paragraph 71 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

72.     Paragraph 72 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

73.     Paragraph 73 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

74.     Paragraph 74 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or

the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

75. Paragraph 75 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

76. Paragraph 76 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

77. Paragraph 77 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

78. Paragraph 78 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or

the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

79.    With respect to Paragraph 79 of the Complaint, Mr. Sarao lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book. He therefore leaves Plaintiff to its proof.

80.    Paragraph 80 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

81.    Paragraph 81 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief, to the extent that Plaintiff's characterization of the purported facts purports to summarize or interpret trade data and / or the Order Book; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

82.    In response to Paragraph 82 of the Complaint, Mr. Sarao repeats and reasserts his responses to paragraphs 1 through 81, set forth above.

83.    Paragraph 83 and Footnote 3 of the Complaint contain or imply legal conclusions, to which no response is required.

84.    Paragraph 84 of the Complaint is a legal conclusion, to which no response is required.

85.    Paragraph 85 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

86. Paragraph 86 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

87. Paragraph 87 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

88. Paragraph 88 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

89. In response to paragraph 89, Defendant repeats and reasserts his responses to paragraphs 1 through 81, set forth above.

90. Paragraph 90 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

91. Paragraph 91 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

92. Paragraph 92 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

93. Paragraph 93 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao (i) lacks knowledge or information sufficient to form a belief as to the statements that relate to others; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

94. Paragraph 94 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

95. Paragraph 95 of the Complaint contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

96. In response to paragraph 96, Defendant repeats and reasserts his responses to paragraphs 1 through 81, set forth above.

97. Paragraph 97 contains or implies legal conclusions, to which no response is required.

98. Paragraph 98 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

99. Paragraph 99 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

100. Paragraph 100 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

101. Paragraph 101 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

102. In response to paragraph 102, Mr. Sarao repeats and reasserts his responses to paragraphs 1 through 81, set forth above.

103. Paragraph 103 contains or implies legal conclusions, to which no response is required.

104. Paragraph 104 contains or implies legal conclusions, to which no response is required.

105. Paragraph 105 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

106. Paragraph 106 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao: (i) lacks knowledge or information sufficient to form a belief as to Plaintiff's characterization of the purported facts that relate to others; and (ii) denies Plaintiff's characterization of the purported facts. He therefore leaves Plaintiff to its proof.

107. Paragraph 107 contains or implies legal conclusions, to which no response is required. To the extent that any response is required, Mr. Sarao denies Plaintiff's characterization of the purported facts and leaves Plaintiff to its proof.

108. Mr. Sarao denies everything in the "Relief Requested" section of the Complaint. Mr. Sarao further denies that Plaintiff is entitled to any relief at all (including, but not limited to, the relief requested in the Complaint).

## AFFIRMATIVE DEFENSES

Mr. Sarao pleads the following affirmative defenses and reserves all rights pursuant to the Federal Rules of Civil Procedure and pertinent Local Civil Rules of the Northern District of Illinois. Mr. Sarao does not assume the burden of proof with respect to any element of any defense that is pleaded below, or that may hereafter be pleaded, as an affirmative defense, except to the extent that the law would otherwise have placed that burden upon him.

**First Affirmative Defense**

(Failure to State a Claim)

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

(Violation of Due Process Rights)

Imposing liability and penalties here would violate Mr. Sarao's due process rights because, at a minimum, Mr. Sarao lacked reasonable notice during the Relevant Period that his trading activity – which was indistinguishable from widely-accepted and permissible practices – would be deemed to violate the Act.

**Third Affirmative Defense**

(Arbitrary and Capricious Agency Action)

Plaintiff's enforcement of the Act (as it existed both before and after the effective date of the "spoofing" prohibition set forth in Section 4c(a)(5)(C)) is arbitrary, capricious, manifestly contrary to the language of the Act, and / or otherwise unreasonable because it seeks to impose liability and sanctions on Mr. Sarao for purportedly having engaged in conduct: (i) that Congress never clearly prohibited; (ii) that is materially indistinguishable from the widespread and accepted activity of other modern traders; and (iii) that Plaintiff has publicly recognized as falling outside the contours of the "spoofing" prohibition.

**Fourth Affirmative Defense**

(Good Faith / Bona Fide Trading Activity)

Mr. Sarao engaged in good faith efforts to comply with the Commodity Exchange Act at all times during the Relevant Period, and his conduct was part of a legitimate, good faith attempt to consummate bona fide trades and transactions.

**Fifth Affirmative Defense**

(Lack of Ability to Affect, Influence or Manipulate Pricing)

Mr. Sarao did not have the ability to affect, influence or manipulate the price of the E-Mini S&P; nor did he cause (or could he have caused) any purportedly artificial price in connection with the E-Mini S&P.

**Sixth Affirmative Defense**

(Statute of Limitation)

The Complaint purports to address matters that occurred (if at all) "from June 2009 to the present." *See* Compl. ¶ 1. To the extent that Plaintiff seeks fines or penalties for conduct that purportedly occurred prior to April 17, 2010, such claims are time-barred.

**Additional Defenses**

Mr. Sarao hereby preserves and asserts any and all other affirmative defenses that may be revealed during the course of discovery.

**JURY DEMAND**

Mr. Sarao respectfully demands a trial by jury in this matter for all issues that may be so tried.

Dated: July 6, 2015
           Washington, DC

KOBRE & KIM LLP

By: /s/ Kimberly Perrotta Cole
Kimberly Perrotta Cole (N.D. Ill
Bar No. 495574)
Kimberly.Cole@kobrekim.com
Roger A. Burlingame (N.D. Ill
Bar No. 3956026)
Roger.Burlingame@kobrekim.com
Michael S. Kim (N.D. Ill. Bar No. 2720985)
Michael.Kim@kobrekim.com

800 Third Avenue, 6th Floor
New York, NY 10022
Tel: (212) 488-1200

Fax: (212) 488-1220

1919 M Street, NW
Washington, DC 20036
Tel: (202) 664-1900
Fax: (202) 664-1920

CAROLYN GURLAND,
ATTORNEY AT LAW
Carolyn P. Gurland (N.D. Ill. Bar No. 6274399)
414 North Clay Street
Hinsdale, Illinois 60521
Tel: (312) 283-2109
Fax: (212) 488-1220
Carolyn.Gurland@kobrekim.com

*Attorneys for Defendant Navinder Singh Sarao*